**152**

In re NEPSCO, INC., Debtor.

Robert S. LINGLEY, Esquire,
Trustee, Plaintiff,

v.

E.B. KITFIELD & CO., Defendant.

Bankruptcy No. 183–00253.
Adv. No. 184–0096.

United States Bankruptcy Court,
D. Maine.

April 19, 1985.

Daniel Amory, Drummond, Woodsum, Plimpton, & MacMahon, Portland, Me., for trustee.

Ronald B. Willoughby, Fisher, Moran, Willoughby, Clancy, White & Woodman, Dover, N.H., for plaintiff.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On September 30, 1983, the debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maine. On April 27, 1984, the duly appointed trustee, plaintiff herein, filed a complaint against the defendant, E.B. Kitfield & Co., seeking to set aside an alleged preferential transfer under 11 U.S.C. § 547(b). The defendant, having filed an answer to the trustee's complaint, filed a motion for summary judgment on November 2, 1984. The trustee, on November 19, 1984, filed a cross-motion for summary judgment.

The facts in this proceeding are not in serious dispute. Prior to the filing of the bankruptcy petition, the debtor ordered one Coates Water Heater from the defendant. According to the defendant's invoice number 3342 dated February 14, 1983, the defendant shipped the heater to the debtor on February 7, 1983. On April 21, 1983, the debtor remitted an amount totalling $810.46 to the defendant as payment for the heater. On May 23, 1983, the defendant shipped to the debtor a second Coates Water Heater, as is evidenced by the defendant's invoice number 3412 dated May 25, 1983. The debtor did not pay the de-

fendant for the second heater, but instead telephoned the defendant in June, 1983 to state that both heaters were of an incorrect voltage.[1] The debtor and the defendant agreed that the debtor would return the heaters, that the debtor would receive credit for the returned heaters, and that the defendant would ship two replacement heaters of the correct voltage. The two heaters were returned to the defendant on July 7, 1983, and the debtor received credit for the two units, less the value of certain parts not returned with the defective heaters. According to the defendant's invoice number 3386 dated July 14, 1983, the defendant shipped two replacement heaters to the debtor on June 30, 1983. Taking into account the credit received for the two returned heaters, the debtor owed the defendant $1035.84. On August 12, 1983, the debtor, by its check numbered 115745, remitted payment to the defendant in an amount totalling $810.46. The debtor's check referred to the defendant's invoice numbered 3412 and thus suggests that the payment was to be credited against the heater shipped on May 23, 1983.

Contending that the payment made on August 12, 1983 was remitted on account of the heater shipped on May 23, 1983, the trustee seeks to recover the sums paid under 11 U.S.C. § 547(b).[2] The defendant maintains that the heater shipped on May 23, 1983 had been returned, that the obligation to pay for the heater had ceased, and that the payment made on August 12, 1983 was in partial payment of the two replacement heaters shipped on June 30, 1983. The defendant, citing 11 U.S.C. § 547(c)(2), insists that the trustee may not recover the sums paid on August 12, 1983.[3]

Under Maine law, a buyer of goods may elect to reject the goods if they fail to conform to the contract of sale. Me.Rev. Stat.Ann. tit. 11, § 2–601(1) (1964). Rejection of the goods must be within a reasonable time after delivery or tender of the goods and the buyer must seasonably notify the seller of the rejection. Me.Rev.Stat. Ann. tit. 11, § 2–602(1) (1964). A buyer has seasonably notified the seller if he notifies the seller within a reasonable time. Me.Rev.Stat.Ann. tit. 11, § 1–204(3) (1964). What is a reasonable time depends on the nature and circumstances of each case. Me.Rev.Stat.Ann. tit. 11, § 1–204(2) (1964). A rightful rejection relieves the buyer of any further obligation with respect to the goods. Me.Rev.Stat.Ann. tit. 11, § 2–602(2)(c) (1964).

The Court finds that the debtor properly rejected the heater shipped on May 23,

---

1. The pleadings now before the Court do not specify the exact date the debtor telephoned the defendant to inform the defendant that the heaters were nonconforming.

2. Section 547(b) states:
   Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
   (i) was an insider; and
   (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

   (5) that enables such creditor to receive more than such creditor would receive if—
   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

3. Section 547(c)(2) states:
   The trustee may not avoid under this section a transfer—...
   (2) to the extent that such transfer was—
   (A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;
   (B) made not later than 45 days after such debt was incurred;
   (C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
   (D) made according to ordinary business terms.

1983.[4] Shortly after receipt of the second Coates Water Heater, the debtor notified the defendant that the heater, and the heater shipped on February 7, 1983, were of incorrect voltage. The debtor and the defendant agreed that the debtor would return the heaters, that the debtor would receive a credit for the returned heaters, and that the defendant would ship the debtor two replacement heaters. The defective heaters were, in fact, returned on July 7, 1983. The debtor's obligation to pay for the heater shipped on May 23, 1983 had ceased.

The two replacement heaters were shipped on June 30, 1983. The payment at issue was made on August 12, 1983. While the check submitted to the defendant referred to the defendant's invoice numbered 3412 and thus to the heater shipped on May 23, 1983, it is clear that the payment was made on account of the two replacement heaters. The debtor, having indicated to the defendant that the two original heaters were nonconforming and having voluntarily returned the heaters, must have known that any obligation to pay for the heater shipped on May 23, 1983 had ceased and no payment was then due. The mere fact that the debtor's payment mistakenly referred to a contract of sale that had been effectively terminated should not now be the basis for requiring the defendant to return the sums paid on August 12, 1983. To hold otherwise would be to penalize the defendant for the debtor's error.

The debt at issue was incurred on June 30, 1983, the date the two replacement heaters were shipped to the debtor. On August 12, 1983, within 45 days of that date, the debtor submitted payment of $810.46 to the defendant. The defendant alleges, and this Court finds, that the payment was made on account of a debt incurred in the ordinary course of business or financial affairs of the debtor and the defendant, made in the ordinary course of business or financial affairs of the debtor and the defendant, and made according to ordinary business terms. Having therefore satisfied the requirements of 11 U.S.C. § 547(c)(2), the trustee may not avoid the transfer at issue under 11 U.S.C. § 547(b).

The motion for summary judgment filed by the defendant on November 2, 1984 is granted. The trustee's cross-motion for summary judgment filed on November 19, 1984 is denied.

---

**4.** The Court notes that the debtor submitted payment to the defendant for the heater shipped on February 7, 1983. The only issue now before the Court is whether or not the debtor rightfully rejected the heater shipped on May 23, 1983.